495 So.2d 902 (1986)
William J. HARTNETT and International Funding Corporation, Appellants,
v.
SOUTHERN AMERICAN FIRE INSURANCE COMPANY, a Florida Corporation Authorized to Transact an Insurance Business, Appellee.
Nos. BJ-192, BJ-193.
District Court of Appeal of Florida, First District.
October 14, 1986.
*903 William L. Rogers of Barrett & Rogers, Miami, for appellants.
Michael L. Berry, Tallahassee, for appellee Florida Dept. of Ins. as Receiver of Southern American Fire Ins. Co.
John M. McNatt, Jr. & Jack W. Shaw, Jr. of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellee Florida Ins. Guar. Ass'n.
ERVIN, Judge.
Appellants appeal two orders of the circuit court. The first, BJ-192, denies objections filed by appellants to the receiver's recommendation to a claim filed pursuant to Chapter 631. The second, BJ-193, denies appellants' standing under Chapter 631, Florida Statutes (1975) to object to the receiver's recommendations on various claims filed by a third person. We affirm both orders:
Appellants, William J. Hartnett and International Funding Corporation, are the majority shareholders of Southern American Fire Insurance Company, which has been in receivership under the provisions of Chapter 631 since 1975. Appellants filed a massive number of objections to recommendations made by the receiver in this insolvency proceeding. In both appeals appellants have raised the same two issues: First, whether the majority shareholders have standing to contest claims filed in the receivership of Southern American, and second, whether the Florida Insurance Guaranty Association may seek reimbursement from the receivership.
The liquidation of the subject insurance company began in 1975 and is governed by Chapter 631, Florida Statutes (1975). Claims against insolvent insurers are processed in accordance with Section 631.181, which provides, after claims are filed, that the receiver prepare a report together with his recommendations which are forwarded to the circuit court. The court thereafter conducts a hearing upon providing notice "to such persons as shall appear to the court to be interested therein." Section 631.181(3) (e.s.). All interested persons are entitled to appear at the hearing. Section 631.181(4). Section 631.001(4) provides that the purpose of the act "is [for] the protection of the interests of insureds, creditors and the public generally... ." (e.s.) Absent from the purpose of the act is the protection of shareholders of the insolvent insurance company. Section 631.001(3) provides that the act "shall be liberally construed to effect the purpose stated in subsection (4)." The order of the trial court holding that appellants did not have standing is consistent with the construction of Chapter 631 and cannot be characterized as an abuse of discretion by the trial court. Since appellants do not have standing, we decline to consider the second issue they have raised.
AFFIRMED.
WIGGINTON and BARFIELD, JJ., concur.